# EXHIBIT A

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**

**IN THE COUNTY OF MARION**

| | |
|---|---|
| **JERIMIE LUNSFORD,** <br>      Plaintiff, <br><br>    v. <br><br> **STATE OF OREGON, BENJAMIN SMITH, WARREN ROBERTS, KAREN HARRIS,** and **AIMEE HUGHES,** <br><br>      Defendants. | Case No. 25CV56813 <br><br> SUMMONS |

To:    **Warren Roberts**
       **12248 SW Amalfi Ln**
       **Wilsonville, OR 97070**

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!**

You may be liable for attorney fees in this case. Should plaintiff in this case not prevail, a judgment for reasonable attorney fees may be entered against you, as provided by statute or any agreement to which plaintiff alleges you are a party.

You must "appear" in this case, or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at **http://www.oregonstatebar.org** or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

DATED: November 8, 2025

                                    /s/ Carl Post
                                    Carl Post, OSB No. 06105
                                    Telephone : (971) 442-9303
                                    Facsimile: (503) 241-2249
                                    Attorney for Plaintiff

PAGE 1 – SUMMONS

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF MARION

| | |
|---|---|
| **JERIMIE LUNSFORD**, | Case No. 25CV56813 |
| Plaintiff, | **COMPLAINT** |
| v. | CLAIM OVER $50,000 |
| **STATE OF OREGON, BENJAMIN SMITH, WARREN ROBERTS, KAREN HARRIS, and AIMEE HUGHES,** | NOT SUBJECT TO MANDATORY ARBITRATION |
| | AMOUNT PLEAD: $5,000,000 |
| | Filing Fee $884 pursuant to ORS 21.160(1) |
| Defendants. | **JURY TRIAL DEMANDED** |

1.     Defendant State of Oregon operates Oregon Department of Corrections (ODOC) which is an agency of the State of Oregon. ODOC owns and operates correctional facilities in Oregon, including OSP, and is responsible for the inmates in its facilities. Among its many duties is to employ doctors, nurses and other health care workers and ensure that each inmate receives proper and reasonable medical care. The State of Oregon is vicariously liable under state law for the negligence of its employees and agents.

2.     Plaintiff Jerimie Lunsford was in custody of the Oregon Department of Corrections (ODOC) at Oregon State Penitentiary (OSP) at all time relevant to the allegations below.

3.     Defendant Benjamin Smith was, at all times material, a physician at employed by the State of Oregon and provided medical consultation, examination, and/or treatment to Plaintiff at OSP.

PAGE 1 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

4.      Defendant Karen Harris is or was a nurse practitioner, employed by Defendant State of Oregon and working at OSP, who provided medical consultation, examination, and/or treatment to Plaintiff.

5.      Defendant Warren Roberts was the Chief of Medicine (at times titled Chief Medical Officer or Administrator) for ODOC since approximately December 7, 2020, until he was placed on administrative leave in December 2024 and terminated from his position on or about February 3, 2025. Defendant Roberts was responsible for final approval or denial of surgical and specialty care and fired for misconduct relating to his job duties, including, but not limited to delaying medical care to inmates. Defendant Roberts provided oversight of all ODOC health services' medical professionals and also provided care to AIC patients at all ODOC facilities.

6.      Defendant Aimee Hughes has been the Health Services Administrator for ODOC since at least March 1, 2021. The position was previously vacant since at least August 2019. Defendant Hughes is responsible for leading, directing, and controlling all ODOC health services activities and ensuring their compliance with state and federal laws.

7.      At all times relevant herein each individual Defendant acted under color of state law and within the course and scope of their employment. Each Defendant is sued individually, for purposes of damages, and in his or her official capacity for purposes of injunctive relief, if applicable.

8.      Inmates in Oregon state prisons must obtain approval from a Therapeutic Level of Care (TLC) Committee to receive everything from fish oil supplements to pain relief medications to medical scans needed to diagnose and provide adequate medical care. Oregon TLC Committees frequently deny requests for care that are erroneously not considered

PAGE 2 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

Exhibit A
Page 4 of 17

"medically necessary" or life-threatening, leaving inmates in serious and excruciating pain with untreated medical conditions lasting months or even years.

9.      Incredibly, many of these critical decisions are made by a single person: Defendant Dr. Warren Roberts, chief of medicine for the Oregon prison system. Though the TLC is ostensibly a committee, members typically present cases to Defendant Roberts, who solely determines whether an inmate is worthy or unworthy of treatment. Indeed, Defendant Roberts has explicitly defied judicial rulings demanding that inmates receive medical care.

10.     The DOC divides requests for health care into several categories, or Levels of Care. The first two categories—Level 1 and Level 2—are considered "medically necessary." Generally, prisoners with medically necessary conditions receive some form of treatment, explained Gulick in his deposition.

11.     But how the Oregon prison system defines "medically necessary" is not the same as how it is defined by other medical institutions. While treatment for conditions such as diabetes is considered medically necessary, there are a host of other painful but not immediately life-threatening conditions that do not meet that stringent bar. Those conditions often fall into a category called Level 3, treatments for which are considered "medically acceptable but not medically necessary."[1]

12.     It's a different system from how health care works elsewhere. If a person was not incarcerated and received general medical care in the community, they would receive medical care in instances that are routinely denied by the TLC Committee.

13.     The TLC Committees decide whether prisoners can leave the prison to receive health care at an outside location, such as a hospital. This determination, and the way the state

---

[1]      https://olis.oregonlegislature.gov/liz/2021I1/Downloads/CommitteeMeetingDocument/256726

PAGE 3 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

of Oregon tracks it, reveals what the state sees as a major priority for prison health care: the budget, not the well-being of inmates. The state tracks how often prisoners receive outside health care as a "key performance measure." The goal, according to a 2022 publication by Oregon's Legislative Policy and Research Office,[2] is to keep the percentage of offsite care cases below 1 percent. In other words, offsite care is not determined by medical need, instead medically necessary treatment is routinely denied to keep the budget as low as possible and meet the arbitrary "key performance measure."

14.    The word "committee" in TLC Committee is a bit of a misnomer. Even though multiple people meet for the committee meetings, the decisions are ultimately made by Dr. Roberts alone. Instead of acting as a true committee, the TLC members present cases to Defendant Roberts and he decides whether to approve or deny treatment.

15.    That arrangement wasn't unique to Defendant Roberts. The previous medical director, Daniel Dewsnup, also made unilateral decisions after hearing from the committee members.

16.    Around August 2021, Defendants became aware that Plaintiff had internal bleeding. Plaintiff reported blood in his stool and Plaintiff was told that it was from ulcers and that Plaintiff needed a colonoscopy.

17.    Subsequently, Plaintiff started having issues with his heart which they determined was SVT. Plaintiff was not provided with adequate medical care during this time and had to be transported, by ambulance, to the emergency room nine 9 times, six of which his heart stopped. On or about April 5, 2023, Plaintiff had an ablation procedure to stop these episodes from happening.

---

[2]    https://olis.oregonlegislature.gov/liz/2021I1/Downloads/CommitteeMeetingDocument/256743

PAGE 4 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

18.     In April 2023, after the ablation procedure, Plaintiff was seen by a gastrologist and she asked numerous questions regarding Plaintiff's health. Plaintiff explained to her that, for at least the last 18 months, Plaintiff had been experiencing diarrhea and the ODOC medical did nothing about it and told Plaintiff that he was overreacting. The gastrologist stated she Plaintiff needed an endoscopy and colonoscopy. Despite the obvious need for these procedure, Defendants failed to have Plaintiff examined.

19.     Plaintiff's condition worsened. He kept getting paler and weaker, and the diarrhea was continuous. Nothing was ever done, he was told he was overreacting.

20.     On October 16, 2023, ODOC took a blood draw from Plaintiff. The results should have prompted immediate medical attention and Plaintiff should have been taken to the hospital. Defendant did not do so.

21.     On October 20, 2023, Plaintiff was walking to his cell when he felt like he was going to pass out, throw up, and have diarrhea at the same time. He eventually went to medical, and they asked when his last blood draw had been done. He told them that it was on October 16, 2023. They reviewed the results and sent him to the ER at Salem General Hospital. They performed a blood transfusion and once he was stable, a CT scan was done. The CT scan revealed a hardened mass in his sigmoid colon and cancer was suspected.

22.     On or about October 23, 2023, Plaintiff had a colonoscopy that revealed he had colon cancer. Further testing revealed that the colon cancer had metastasized to Plaintiff's lymph nodes.

23.     Defendants were aware of Plaintiff's symptoms and blood in his stool for over two years and refused to perform appropriate diagnostic testing to determine the cause of Plaintiff's symptoms. Defendants knew Plaintiff would suffer serious harm if they failed to

PAGE 5 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

Exhibit A
Page 7 of 17

properly monitor him or provide appropriate medical care. Defendants were deliberately indifferent to Plaintiff's health, safety, serious medical needs, and other constitutional rights by failing to provide medically necessary care. As a result, detection of Plaintiff's cancer was severely delayed and the cancer metastasized to Plaintiff's lymph nodes. The delay in treatment reduced Plaintiff's life expectancy in addition to causing Plaintiff additional pain and suffering and need for additional medical treatment, including chemotherapy.

24.    On October 30, 2023, Plaintiff was told he has a 3mm kidney stone. Plaintiff learned this after receiving a CT scan which revealed the cancer that Defendants failed to treat over the last several years. Over an approximately six-month period prior to the CT scan, Plaintiff had complained to Defendant Smith concerning his abdominal pain. Defendant Smith ignored his complaints despite knowing that failing to treat Plaintiff's symptoms would cause unnecessary pain and suffering.

25.    Defendants Smith, Karen Harris, Hughes, and Warren Roberts knew that Plaintiff or other inmates were not being provided timely and adequate medical care because of the policies and practices put in place ODOC and contributed to the failure to provide adequate medical care to Plaintiff.

26.    On November 4, 2023, Plaintiff filed grievance #OSP_2023_11_021 regarding his claims. On December 13, 2023, grievance #OSP_2023_11_021 was denied. On February 2, 2024, Plaintiff filed his first appeal, #OSP_2023_11_021A. On March 12, 2024, grievance appeal #OSP_2023_11_021A was denied. On March 14, 2024, Plaintiff filed his second appeal, #OSP_2023_11_021AA. On April 10, 2024, grievance appeal #OSP_2023_11_021AA was denied.

27.    On or about January 24, 2024, Plaintiff wasn't transported for his weekly

PAGE 6 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

Exhibit A
Page 8 of 17

chemotherapy appointment. ODOC medical staff failed to schedule this weekly appointment, which caused Plaintiff to miss a treatment, overall lessening the change at a more favorable outcome. ODOC medical staff then lied about Plaintiff even having an appointment scheduled.

28.    On February 2, 2024, Plaintiff filed grievance #OSP_2024_02_005, concerning his claims. On February 27, 2024, grievance #OSP_2024_02_005 was denied. On March 14, 2024, Plaintiff filed his first appeal, #OSP_2024_02_005A. On March 28, 2024, grievance appeal #OSP_2024_02_005A was denied.

29.    On February 2, 2024, Plaintiff filed grievance #OSP_2024_02_006 regarding his claims. On February 16, 2024, grievance #OSP_2024_02_006 was denied. On March 14, 2024, Plaintiff filed his first appeal, #OSP_2024_02_006A. On March 28, 2024, grievance appeal #OSP_2024_02_006A was denied.

30.    On June 21, 2024, Plaintiff filed grievance #OSP_2024_06_093 concerning his claims. On July 11, 2024, grievance #OSP_2024_06_093 was denied. On July 15, 2024, Plaintiff filed his first appeal, #OSP_2024_06_093A. On July 24, 2024, grievance appeal #OSP_2024_06_093A was denied. On August 4, 2024, Plaintiff filed his second appeal, #OSP_2024_06_093AA. On August 12, 2024, grievance appeal #OSP_2024_06_093AA was denied.

31.    Defendant State of Oregon and the individual defendant(s) refused to provide Plaintiff with adequate and needed medical care for his ongoing medical conditions and symptoms and continues to fail to provide adequate care.

32.    Plaintiff has exhausted his remedies under the PLRA.

33.    On April 11, 2024, Plaintiff delivered a notice of tort claim as required by ORS_30.275.

PAGE 7 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

**FIRST CLAIM FOR RELIEF**

**42 USC 1983 – Eighth Amendment**

**Against individual defendants**

34.     Plaintiff re-alleges all prior relevant paragraphs as if fully set forth herein.

35.     At all relevant times, Plaintiff was a prisoner under the custody and care of the Oregon Department of Corrections (ODOC).

36.     Defendants, acting under color of state law, had a constitutional duty under the Eighth Amendment to provide adequate medical care and to refrain from acting with deliberate indifference to Plaintiff's serious medical needs.

37.     Plaintiff's symptoms—including internal bleeding, blood in stool, ongoing diarrhea, cardiac distress, and later-diagnosed colon cancer—constitute objectively serious medical needs.

38.     Defendants Benjamin Smith, Karen Harris, Warren Roberts, and Aimee Hughes were aware of Plaintiff's serious medical needs and the substantial risk of harm from their failure to provide appropriate diagnosis and treatment.

39.     Despite such awareness, Defendants intentionally and/or recklessly disregarded Plaintiff's serious medical needs by failing to ensure timely diagnostic testing (including colonoscopy and endoscopy), delaying or denying appropriate treatment, and failing to provide necessary follow-up and chemotherapy care.

40.     Defendants Roberts and Hughes, in their supervisory and policymaking roles, knew of, acquiesced in, and perpetuated a system of inadequate medical care within ODOC that resulted in widespread denial and delay of necessary treatment.

41.     Defendants Roberts and Hughes failed to train, supervise, or discipline

PAGE 8 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

subordinate staff regarding constitutional standards of medical care.

42.     Defendants Roberts and Hughes's deliberate failure to correct known unconstitutional practices—including the unilateral denial of medical treatment by the TLC system and systemic delay in specialist referrals—constitutes deliberate indifference to inmate health and safety.

43.     Defendant Roberts directly and personally participated in and established ODOC medical care policies and procedures that prioritized budgetary constraints and "key performance measures" over inmate medical need, resulting in systemic denial and delay of medically necessary care.

44.     Defendant Hughes failed to adequately supervise or correct known unconstitutional practices within ODOC medical services.

45.     ODOC, through its policymakers, maintained policies, customs, and practices—such as prioritizing budget metrics over medical necessity and vesting unilateral decision-making authority in one physician—that deprived inmates of adequate medical care without due process.

46.     These policies and Defendants Roberts and Hughes actions were the moving force behind the constitutional violations alleged herein.

47.     As a direct and proximate result of Defendants' deliberate indifference, Plaintiff suffered prolonged pain, unnecessary emotional distress, delayed cancer diagnosis, metastasis to lymph nodes, reduced life expectancy, and other damages.

48.     The conduct of Defendants was wanton, reckless, and callously indifferent to Plaintiff's rights under the Eighth Amendment.

49.     Plaintiff is entitled to compensatory and punitive damages, declaratory and

PAGE 9 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

Exhibit A
Page 11 of 17

injuctive relief, and attorney's fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Negligence

### Against Defendant State of Oregon

50.    Plaintiff re-alleges and incorporates all prior relevant paragraphs.

51.    The risk of harm to Plaintiff was foreseeable to the Defendant.

52.    Defendant State of Oregon, by and through its employees or agents, including but not limited to employees named as defendants in this Complaint, were negligent, as alleged above, in their treatment of Plaintiff in that they failed to provide timely and appropriate medical care, and failed to use the degree of care, skill, and diligence used by ordinarily careful health providers practicing in the same or similar circumstances in the same or similar community.

53.    As a direct result of the actions and inactions of defendant State of Oregon, Plaintiff endured and suffered severe physical and emotional pain and distress and suffered a preventable injury.

54.    Plaintiff is entitled to compensatory damages.

## PRAYER FOR RELIEF

Plaintiff prays that this Court will enter a Judgment against Defendants granting Plaintiff:

A. Compensatory damages to be determined by a jury but not expected to exceed $5,000,000;

B. Punitive damages against the individual defendants in a sum that is just as determined by a jury;

PAGE 10 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

C. Injunctive Relief;

D. Equitable relief;

E. Plaintiff's costs, expenses, and attorney fees in this suit; and

F. Any additional relief this court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff demands a trial by Jury.

DATED: October 21, 2025

**Snyder, Post & Burgess**

*s/ Carl Post*
Carl Post, OSB No. 061058
carlpost@civilrightsoregon.com
John Burgess, OSB No. 106498
johnburgess@civilrightsoregon.com
Tel: (971) 442-9303 / Fax: (503) 241-2249
Attorneys for Plaintiff

PAGE 11 Civil Rights Complaint

Carl Post and John Burgess
Snyder, Post & Burgess
1000 SW Broadway, Ste 2400
Portland, OR 97205
(971) 442-9303
civilrightsoregon.com

Exhibit A
Page 13 of 17

# <u>RETURN OF SERVICE</u>

**State of Oregon**                                                                                            **County of Marion**

Case Number: 25CV56813

Plaintiff:
**JERIMIE LUNSFORD**

vs.

Defendant:
**STATE OF OREGON, BENJAMIN SMITH, WARREN ROBERTS, KAREN
HARRIS, and AIMEE HUGHES**

For:
Carl Post
Snyder, Post And Burgess
1000 SW Broadway, Suite 2400
Portland, OR 97205

Received by Willamette Valley Processors LLC on the 24th day of October, 2025 at 2:53 pm to be served on
**State of Oregon c/o Oregon Attorney General, 1162 Court Street NE, Salem, OR 97301**.

I, Viola Rodriguez, do hereby affirm that on the **27th day of October, 2025** at **1:05 pm, I:**

**GOVERNMENT AGENCY:** served by delivering a true copy of the **Summons; Complaint** to: **Heather
Weir** as **Clerk On Duty** for **State of Oregon c/o Oregon Attorney General**, in compliance with State
Statutes.

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18
years of age or older and not a party to or attorney in this proceeding and am authorized to serve the
process described herein. I certify that the person, firm, or corporation served is the identical one named
in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party,
corporate or otherwise.

I hereby declare that the above statement is true to the best of my knowledge and belief and that it is
made for use as evidence in court and is subject to penalty for perjury is true.

**Viola Rodriguez**
Process Server   10/28/2025

**Date**

**Willamette Valley Processors LLC**
**6125 Woodside Dr SE**
**Salem, OR 97306**
**(541) 250-9654**

Our Job Serial Number: WVP-2025001812

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e



1

2

3

4

5

6

7                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8                            IN THE COUNTY OF MARION

9   JERIMIE LUNSFORD,

10                 Plaintiff,                    Case No. 25CV56813

11         v.                                    **ACCEPTANCE OF SERVICE**

12
    STATE OF OREGON, BENJAMIN
13  SMITH, WARREN ROBERTS,
    KAREN HARRIS, and AIMEE
14  HUGHES,

15                 Defendants.

16

17         COMES NOW counsel for Defendant Warren Roberts, MD ("Dr. Roberts"), Jeanne

18  F. Loftis and Victoria K. Baker of the law firm Baker Sterchi Cowden & Rice LLC, and

19  hereby accept service of the Summons and Complaint on behalf of Dr. Roberts. The

20  undersigned counsel hereby acknowledge and warrant that they are the attorneys for Dr.

21  Roberts and that they have the authority to accept service of said document.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

PAGE 1 – **ACCEPTANCE OF SERVICE**

1  All further notices and pleadings with respect to the above-captioned matter shall be sent to

2  Jeanne F. Loftis and Victoria K. Baker.

3

4          DATED:  November 11, 2025.

5

6                                              BAKER STERCHI COWDEN & RICE, LLC

7

8                                    By   _s/ Victoria K. Baker_____
                                           Jeanne F. Loftis, OSB #913612
9                                          E-mail:  Jeanne.loftis@bakersterchi.com
                                           Victoria K. Baker, OSB #225400
10                                         E-mail:  Victoria.baker@bakersterchi.com
                                           SERVICE:   RobertsMD@bakersterchi.com
11
                                           **Mailing Address:**
12                                         **2100 Westlake Avenue, N., Suite 206**
                                           **Seattle, Washington  98109**
13                                         Physical Address:
                                           1120 SE Madison Street
14                                         Portland, Oregon  97214
                                           Telephone:  (971) 374-5568
15
16                                         *Attorneys for Defendant Warren Roberts, MD*

17

18

19

20

21

22

23

24

25

26

PAGE 2 –  **ACCEPTANCE OF SERVICE**

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back

Location : All Locations    Images Help

# REGISTER OF ACTIONS
## CASE NO. 25CV56813

| | |
|---|---|
| Jerimie Lunsford vs State of Oregon, Benjamin Smith, Warren Roberts, Karen Harris, Aimee Hughes | § § § § § |

| | |
|---|---|
| Case Type: | **Tort - Malpractice Medical** |
| Date Filed: | **10/21/2025** |
| Location: | **Marion** |

---

### PARTY INFORMATION

**Attorneys**

| | | |
|---|---|---|
| Defendant | Harris, Karen | |
| Defendant | Hughes, Aimee | |
| Defendant | Roberts, Warren | |
| Defendant | Smith, Benjamin | |
| Defendant | State of Oregon | |
| Plaintiff | Lunsford, Jerimie | **Carl Post**<br>*Retained*<br>971 442-9303(W) |
| | | JOHN DAVID BURGESS<br>*Retained*<br>971-442-9303(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/21/2025 | **Complaint**<br>Created: 10/21/2025 3:46 PM | | |
| 10/21/2025 | **Assignment – Trial Judge** (Judicial Officer: Gardiner, Jennifer )<br>Created: 10/21/2025 4:01 PM | | |
| 10/21/2025 | **Service** | | |
| | State of Oregon | Served | 10/24/2025 |
| | Smith, Benjamin | Unserved | |
| | Roberts, Warren | Unserved | |
| | Harris, Karen | Unserved | |
| | Hughes, Aimee | Unserved | |
| | Created: 10/21/2025 4:03 PM | | |
| 10/30/2025 | **Affidavit**<br>Created: 10/30/2025 11:29 AM | | |
| 12/02/2025 | **Notice - Intent Take Default**<br>Created: 12/02/2025 1:30 PM | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Lunsford, Jerimie | | | |
| Total Financial Assessment | | | 884.00 |
| Total Payments and Credits | | | 884.00 |
| **Balance Due as of 12/05/2025** | | | **0.00** |
| 10/21/2025 | Transaction Assessment | | 884.00 |
| 10/21/2025 | xWeb Accessed eFile | Receipt # 2025-703577 | Lunsford, Jerimie | (884.00) |